### DWIGHT P. ROBINSON & CO., Inc., v. OTIS et al.

(District Court, S. D. New York. May 9, 1924.)

**1. Principal and agent ⬨⇒175(3)—Ratification equivalent to prior authority.**

Valid ratification is equivalent to prior authority, and relieves agent from any liability to third persons for acting without authority, providing ratification does not place third party in worse position than it would have occupied had agent acted under prior authority.

**2. Trial ⬨⇒11(3)—Cause of action held one at law.**

A bill of complaint against discharged agent and third party to recover money paid to agent by third party to which complainant was entitled *held* to state a cause of action triable at law, and agent was entitled to transfer to law side, though part of money sued for had been loaned to one who had returned it to defendant third party.

In Equity. Suit by Dwight P. Robinson & Co., Inc., against Charles A. Otis and others, copartners doing business under the firm name and style of Otis & Co., and Victor T. Goggin. On motion by defendant Goggin to dismiss bill of complaint and counterclaim and cross-bill of Otis & Co., or to transfer cause to law side of court. Motion to dismiss counterclaim granted, and cause remitted to law side.

Cravath, Henderson, Leffingwell & De Gersdorff, of New York City, for plaintiff.

---

Day, Day & Wilkin, of Cleveland, Ohio (Wilbur D. Wilkin, of Cleveland, Ohio, V. C. Ross, of New York City, and Bruce Bromley, of Brooklyn, N. Y, of counsel), for defendants Otis & Co.

Griggs, Baldwin & Baldwin, of New York City, for defendant Goggin.

WINSLOW, District Judge. This is a motion made by the defendant Victor T. Goggin to dismiss as to him the plaintiff's bill of complaint and the counterclaim and cross-bill of complaint of Otis & Co., or, in the alternative, to transfer the cause of action to the law side of the court.

The bill of complaint recites that Goggin was employed on a salary basis to conduct various negotiations, subject to the approval of the plaintiff's officers, in regard to plaintiff's building and construction business, and that said Goggin was at no time authorized to receive any commission or gratuity for his personal use; that on or about March 15, 1922, Goggin was sent by his employer, the plaintiff, to Chicago to secure the contract for the construction of an office building, the erection of which was contemplated by the Site of Ft. Dearborn Building Corporation. Goggin undertook the work and immediately learned that the Building Corporation must needs sell a bond issue to finance the construction. Thereupon Goggin and other agents of plaintiff introduced the defendants Otis & Co., bankers, of Cleveland, Ohio, to the Building Corporation. As a result of this introduction, Otis & Co., through their agent (Macleod), submitted to the Building Corporation an offer to purchase a bond issue of the par value of $3,500,000. Before this offer was accepted, and before the construction contract was awarded, and without the knowledge of plaintiff, Goggin, on behalf of plaintiff, made an agreement with Otis & Co., through Macleod, their employee, whereby—

"in consideration of the plaintiff's withdrawal from further negotiations in respect of said construction contract and the plaintiff's agreement to release said firm of Otis & Co. from any further charge for origination and any other claim in respect of the introduction to Site of Ft. Dearborn Building Corporation thereafter procured," Otis & Co. "undertook to pay to the plaintiff an amount equal to 1 per cent. of the face amount of said bond issue in the event that said firm of Otis & Co. was able to buy said bond issue at 90."

It is alleged that Goggin then informed the Building Corporation that plaintiff had withdrawn from negotiations regarding the building construction and for the time being Goggin actually did withdraw from the same and that Otis & Co., as a result of plaintiff's withdrawal, was enabled to buy the bond issue of $3,500,000, at 90 and that as soon as such purchase was completed Goggin resumed negotiations on behalf of plaintiff with the Building Corporation, and that during such resumed negotiations plaintiff's officers and Goggin represented to the Building Corporation that neither plaintiff nor its agents had received or contracted for any commission, fee or gratuity with respect to the construction project, and thereafter, on or about May 15, 1922, the Building Corporation awarded the construction contract to the plaintiff.

That pursuant to said agreement and with the connivance of Otis & Co.'s agent (Macleod) and upon Goggin's promise to pay the sum to plaintiff, Goggin, without the knowledge of the plaintiff, actually procured the payment to himself from Otis & Co. of $35,000. Plaintiff contends that this sum was received by Goggin as plaintiff's agent acting in a fiduciary capacity, and that at the time of making said payment defendants Otis & Co. intended to pay same to the plaintiff. Upon receiving $35,000, defendant Goggin paid $17,500 to Macleod, an employee of Otis & Co., who received the same, it is alleged, without the knowledge and in fraud of Otis; that on or about July 10, 1922, plaintiff learned of the agreement and the payments, and, with the knowledge and approval of the Building Corporation, ratified the agreement made as aforesaid with Otis & Co. and thereupon demanded the $35,000 of Goggin, who refused to pay it to plaintiff. It is further stated that Otis & Co. demanded and received from Macleod, their employee, the aforesaid sum of $17,500, and refused plaintiff's demand therefor. Upon learning the facts, the plaintiff discharged Goggin. Plaintiff demands that it may be adjudged the owner of the moneys received and retained by Goggin ($17,500), as well as the $17,500 paid by Otis to Goggin and by Goggin to Macleod, and returned by Macleod to Otis, and that the defendants account therefor to the plaintiff, and that plaintiff be awarded judgment against the defendants in the sum of $35,000.

The counterclaim and cross-bill of complaint of Otis & Co. repeats, in substance, the allegations of plaintiff's bill of complaint, and prays that the bill of complaint be dismissed, and that the agreement of Otis & Co. for the payment of $35,000 be canceled, and that they (Otis & Co.) be decreed to be the owners of the $35,000, and that they recover of Goggin the $17,500 thereof retained by and remaining in Goggin's hands.

The first question to be considered is the counterclaim and cross-bill of complaint of Otis & Co. as against the defendant Goggin. The plaintiff alleges that Goggin, as plaintiff's agent, made an agreement in plaintiff's behalf (without plaintiff's knowledge at the time) whereby Otis & Co. undertook to pay the plaintiff $35,000 in consideration of the plaintiff's withdrawal from negotiations regarding the construction contract, and contingent upon the firm of Otis & Co. buying the prospective bond issue at 90. It is admitted by the answer of Otis & Co. that Goggin, on or about June 23, 1922, pursuant to this agreement, which was consummated, and without the knowledge of any of plaintiff's officers or agents, procured from Otis & Co. the said sum of $35,000, and the defendants Otis & Co. allege that the check was made payable to Goggin's order because he informed them through their own agent, Macleod, that plaintiff had requested the check to be so drawn and delivered to Goggin for plaintiff's accommodation. It is not denied that Otis & Co. intended to pay this sum of $35,000 to the plaintiff. The bill of complaint alleges that it was not until on or about July 10, 1922, that plaintiff learned of the existence of the agreement and the payment of $35,000 thereunder to Goggin as plaintiff's agent, and the complaint further alleges:

"That the plaintiff thereafter * * * duly ratified said agreement made by the defendant Goggin in behalf of plaintiff with the said firm of Otis & Co. and gave due notice of such ratification to said firm of Otis & Co."

This allegation is admitted by Otis & Co. in their answer, but they further allege that:

"Some time prior to the 10th day of July, 1922, and before plaintiff had ratified the agreement therein mentioned, having learned that said agreement had been entered into by said defendant Goggin without plaintiff's knowledge or authority, and that defendant Goggin had procured and retained the said $35,000 for his own individual use and benefit, they revoked said agreement. * * * "

The answer of Otis & Co. further sets up a counterclaim and cross-bill of complaint against the defendant Goggin, in which substantially the same facts are alleged as in the complaint.

It is quite apparent, from a study of the pleadings and the various allegations and admissions, that the agreement under which the $35,000 was paid to Goggin, the cancellation of which is now sought by Otis & Co., was fully executed on both sides. Otis & Co. received the benefit which they contracted to pay for. They paid $35,000 to Goggin, believing that the payment was for account of the plaintiff. Goggin, acting as plaintiff's agent, actually withdrew from the negotiations between Otis & Co. and the Building Corporation, and Otis & Co. were able to purchase the prospective bond issue at 90. Otis & Co. seek to reclaim this money, not because they did not receive the full consideration, but because they contend that Goggin had no authority to make the agreement now sought to be canceled. But the answer of defendant Otis & Co. admits the ratification of Goggin's note by the plaintiff. It is true Otis & Co. contend that, some time prior to the date of ratification by plaintiff of Goggin's acts, they (Otis & Co.) had revoked the agreement and had taken steps to recover back the money from Goggin.

[1] There can be no question that a valid ratification is equivalent to prior authority, and that such ratification relieves the agent from any liability to third persons for acting without authority, provided, however, that such ratification, in this instance of Goggin's acts, does not place Otis & Co. in any worse position than they would have occupied, had Goggin acted under prior authority. 2 C. J. 519. There can be no doubt that ratification of Goggin's acts by the plaintiff is retroactive. Cook v. Tullis, 18 Wall. 332, 336, 21 L. Ed. 933. The attempted rescission of the contract by Otis & Co., upon which they base their claim for recovery of the money paid, is too late, for the status of the parties cannot be restored, and they, on their part, have received all that they bargained for. The counterclaim and cross-bill of complaint of Otis & Co. as against defendant Goggin should be dismissed

The next phase of the motion made by Goggin herein relates to the cause of action set forth in the bill of complaint, in which Goggin is a codefendant with Otis & Co. The question whether this cause of action is legal, rather than equitable, requires consideration.

[2] What is the nature of the action as between the plaintiff and the defendant Goggin? The plaintiff contends that Goggin was em-

ployed on a straight salary basis, and was not authorized at any time to receive, for his personal use, any fees or commissions. The defendant admits the employment, but denies his lack of authority to receive, for his personal use, other compensation. The defendant Goggin further alleges that the payment of $35,000 was made to him individually by Otis & Co., and was a voluntary payment for services rendered, and was not in pursuance of any other understanding, and, in addition to such fact, he alleges that the plaintiff had knowledge of such intended payment of compensation through one or more of plaintiff's executive officers. Therefore the issue as between the plaintiff and defendant Goggin is whether or not $35,000 was paid to him for account of plaintiff, or whether it was paid to Goggin for his individual and personal use, and whether, if so paid, he had authority under his contract of employment, actual or implied, to receive the same for his personal use.

There is no complicated account to be investigated, nor yet can there be need of a discovery. The consideration for the payment is known, the amount is known, and the receipt of the money is admitted. It would not seem that there is such a trust relationship between the plaintiff and Goggin as to require the necessity for a resort to equity The facts will justify the assertion that the relation between the plaintiff and defendant Goggin was one of debtor and creditor. If the allegations of the complaint are sustained, and the money was paid to Goggin under the contract as set forth in the complaint, plaintiff will be entitled to judgment against the defendant for the amount so received by him for account of plaintiff.

The real issue in this action is between the plaintiff and the defendant Goggin. Otis & Co. have paid their money and received their equivalent. The plaintiff is entitled either to a judgment for $35,000 against their former agent, or they are entitled to nothing. The question as to whether Goggin has loaned or given part of this sum to a third person is not material to the questions involved on this motion. If Goggin received the money from Otis for plaintiff's account and refuses to pay it over, and plaintiff has ratified Goggin's authority to so receive it, as the complaint alleges, then plaintiff will be entitled to judgment against Goggin; and Otis, having paid in full to plaintiff's agent under the fulfilled agreement, cannot be held liable to plaintiff for further payment thereunder. The fact that Otis & Co., have received from Macleod $17,500, which Goggin says he loaned him, tends to confuse the mind, but does not change the issue as stated above.

The motion to dismiss the counterclaim of Otis & Co. as against the defendant Goggin will be granted, and the cause of action will be remitted to the law side of the court for trial by jury.